TRACY L. WILKISON
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>        v.<br><br>Laura Kim,<br><br>        Defendant. | No. 2:21-cv-06746-FMO-KS<br><br>Rule 26(f) Joint Report<br><br>[F.R.Civ.P. 26; Local Rule 26-1]<br><br>Scheduling Conference<br><br>Date:      February 24, 2022<br>Time:      10:00 a.m.<br>Courtroom: 6D<br>Address:  United States Courthouse<br>              350 West 1st Street<br>              Los Angeles, California |

On February 2, 2022, the following attorneys for the parties held a conference to comply with F.R.Civ.P. 26(f) and Local Rule 26-1:

- Gavin Greene, attorney the United States of America; and
- Caroline D. Ciraolo, William Greco, A. Lavar Taylor and Jonathan Amitrano, attorneys for Laura Kim.

### a. Statement of the Case

**United States' Statement of the Case**

Defendant willfully failed to report all of the foreign bank accounts she had a financial interest in, or signature authority over, for the years 2009, 2010, 2011, and 2012 in violation of 31 U.S.C. §§ 5314 and 5321. During those years, Defendant had numerous and ever-changing bank accounts with Woori Bank and Standard Chartered First Bank Korea Limited in South Korea, with combined balances ranging from over $4,000,000 to $8,000,000. During the same years, Defendant filed the Report of Foreign Bank and Financial Accounts (TD F 90-22.1, or FBAR) but only reported some of her bank accounts, with combined maximum balances of between approximately $300,000 and $600,000.

Defendant's U.S. Individual Income Tax Returns (Form 1040) for the years at issue were prepared by her longtime CPA. Defendant failed to report her foreign bank accounts on Schedule B for tax years 2009 through 2011. Defendant signed her tax returns under penalties of perjury affirming that she had examined her tax returns and accompanying schedules and to the best of her knowledge and belief, they were true, correct, and complete. In addition to being incorrect regarding her ownership of foreign bank accounts, the tax returns for tax years 2010, 2011, and 2012 also understated her tax liabilities and for those years she was found liable for the accuracy penalty under 26 U.S.C. § 6662.

1  Defendant knew that she was required to file FBARs reporting her
2  foreign accounts to the IRS, and did so, but willfully omitted reporting most
3  of the accounts and most of the money in those accounts.

**Defendant's Statement of the Case**

Defendant is not liable for the FBAR penalties assessed because the FBAR penalties were assessed after the statutes of limitations expired, the FBAR penalties were not assessed by an authorized individual to whom such authority was properly delegated, the calculation and assessment of the FBAR penalties were arbitrary and capricious, and Defendant did not willfully or recklessly fail to report foreign financial accounts for the calendar years at issue.

During the administrative appeal, Defendant conditionally consented to the waiver of the statute of limitations to assess FBAR penalties so long as the IRS terminated the audit and promptly forwarded her case to the IRS Independent Office of Appeals. The IRS did not satisfy the express conditions in Defendant's waiver and assessed FBAR penalties after the limitations periods expired for all years at issue. Moreover, the IRS employee who ultimately assessed the FBAR penalties did not have authority under Delegation Order 25-13 (formerly DO 4-35, Rev. 1), *Enforcement of Report of Foreign Bank and Financial Accounts (FBAR) Requirements*, or 26 U.S.C. § 6751(b).

In addition, due to disturbing departures from IRS procedures and reasonable standards of behavior, including patently false statements made in seeking approval of the assessments of the FBAR penalties, the assessments were arbitrary and capricious and violated the Due Process Clause of the Fifth Amendment of the U.S. Constitution. Similarly, the FBAR penalties were calculated arbitrarily and capriciously and exceed the

amounts allowable by the Eighth Amendment of the U.S. Constitution, 31 U.S.C. § 5321, or other applicable statutes, regulations and authorities.

Moreover, Defendant is not liable for the FBAR penalties assessed because she did not willfully or recklessly fail to report any foreign financial accounts that were required to be reported by 31 U.S.C. § 5314. To the extent Defendant failed to comply with reporting obligations, such failure was due to non-willful conduct and reasonable cause.

Finally, Defendant is reviewing whether the complaint was timely filed.

### b. Subject Matter Jurisdiction

This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a) because this action arises under the laws of the United States and because the United States is the plaintiff.

### c. Legal Issues

**United States' statement of the legal issues in this case**

The legal issues in this case are: (1) whether Laura Kim willfully failed to report foreign bank accounts for which she had a financial interest in, or signature or other authority over for the years 2009, 2010, 2011, and 2012 on the FBAR forms that she filed, and (2) whether the United States timely filed its complaint in this case.

**Defendant's statement of additional legal issues**

a. When Defendant signs a conditional Consent to Extend the Time to Assess Civil Penalties Provided by 31 U.S.C. § 5321 for FBAR Violations ("Waiver") and the IRS fails to satisfy the condition, is the Waiver valid?

b. Is the authority to assess an FBAR penalty limited to the officials identified in Delegation Order 25-13 (formerly DO 4-35, Rev. 1),

*Enforcement of Report of Foreign Bank and Financial Accounts (FBAR) Requirements*?

    c. If the same funds in one sub-account assigned a specific number are transferred to a sub-account with a different number, does each sub-account number constitute a separate account for the purposes of FBAR reporting and for purposes of computing penalties under 31 U.S.C. § 5321?

    d. For calendar years 2009, 2010, 2011, and 2012, is the maximum amount of a willful FBAR penalty $100,000 as set forth in 31 C.F.R. § 1010.820(g) as in effect on the dates the FBARs at issue were due?

    e. Does the Administrative Procedure Act, 5 U.S.C. §§ 500-596 ("APA"), apply when the IRS decides to assess and determines the amount of an FBAR penalty?

    f. If the APA applies to the assessment and calculation of the FBAR penalty, did the IRS violate the APA in this case?

    g. If the IRS violated the APA in this case, are the FBAR penalty assessments against Defendant invalid?

    h. If the FBAR penalty assessments against Defendant are invalid, is Plaintiff permitted to make new assessments (or to "fix" the prior assessments) at a time when the statute of limitations on assessing FBAR penalties against Defendant has expired?

    i. Does 26 U.S.C. § 6751(b) apply to FBAR penalties assessed pursuant to 31 U.S.C. § 5321?

    j. Does 31 C.F.R. § 1010.306(c) require that any account having no more than $10,000 during the year be reported on an FBAR?

    k. Were the FBAR penalties assessed in violation of the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution?

5

l. In calculating penalties under 31 U.S.C. § 5321(a)(5)(C), did the IRS properly assess each account at issue with a minimum penalty of $100,000?

d. **Parties, evidence, etc.**

**Parties**

- United States, on behalf of its agency the Internal Revenue Service
- Laura Kim

**Witnesses**

The parties reserve the right to introduce additional witnesses based on the information and documents produced in discovery.

- Laura Kim
- Bank representative for Woori Bank and Standard Chartered First Bank Korea Limited
- Custodian of records for Woori Bank and Standard Chartered First Bank Korea Limited
- Michael Khim (Laura Kim's accountant, who prepared her income tax returns for 2009 through 2012)
- Laura Kim's bookkeeper in South Korea
- Ella Chernyak, IRS Revenue Agent
- Duane Binns, IRS Appeals Officer
- Custodian of Records for the IRS
- Medical expert regarding the health of Laura Kim
- IRS employees regarding procedures for determining and calculating penalties
- Outside expert regarding procedures for determining and calculating penalties
- Simon Bonilla, Supervisor for Ella Chernyak, IRS Revenue Agent
- Monica Polo, IRS Office of Chief Counsel

- Vladislav Rozenzhak, IRS Office of Chief Counsel
- Russell McGeehan, IRS Appeals Officer, San Diego

**Key Documents**

- Bank records, including opening documents, signature cards, and statements for foreign banks for Woori Bank and Standard Chartered First Bank Korea Limited.
- U.S. Individual Income Tax Returns (Form 1040) for tax years 2009 through 2012.
- Tax organizers and other correspondence from Defendant's CPA for the years 2009 through 2012.
- Report of Foreign Bank and Financial Accounts (TD F 90-22.1) for the years 2009 through 2012.
- All Consents to Extend the Time to Assess Civil Penalties Provided by 31 U.S.C. § 5321 for FBAR violations and attached correspondence for this case.
- Audit documents.
- Assessment documents, including delegation orders, organization charts, or supervisory approval forms.

**Corporate Subsidiaries**

This case does not involve a corporation, so there are no subsidiaries, parents, or affiliates.

**Damages**

The parties are not seeking damages in case.

On August 20, 2019, the IRS assessed willful FBAR penalties against Defendant for tax years 2009 through 2012 in the amount of $1,014,109.85 per year for a total of $4,056,439.40.

e. **Insurance**

There is no insurance coverage in this case.

7

**f. Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge.

**g. Discovery**

**Discovery Plan**

Disclosures [FRCP 26(f)(3)(A)]: The parties agreed to make the initial disclosures required by FRCP 26(a)(1) no later than March 10, 2022.

Subject of discovery [FRCP 26(f)(3)(B)]: The parties request that discovery be conducted in phases to allow the Court to rule on the potentially dispositive issue of whether the penalties were timely and validly assessed and suit was timely filed.

The parties will work together in a good faith effort to stipulate to all facts relevant to the potentially dispositive issues. If the parties are unable to reach a stipulation of all relevant facts, the parties will engage in limited discovery, including requests for admissions, interrogatories, requests for production of documents, and depositions.

If the issues of the timeliness and validity of the FBAR penalty assessments and the timeliness of the complaint are resolved in a manner that does not result in a dismissal of the complaint in its entirety, the parties intend to issue requests for admissions, interrogatories, and requests for production of documents, followed by depositions.

Electronic discovery [FRCP 26(f)(3)(C)]: The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

Privilege [FRCP 26(f)(3)(D)]: The parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation material.

Limitations on Discovery [FRCP 26(f)(3)(E)]: The parties do not anticipate the need for changes to be made in the limitations on discovery

8

imposed by the Federal Rules of Civil Procedure or the Local Rules.  With respect to section IV.B.4 of this Court's Standing Order, which limits each party to one dispositive Motion for Summary Judgment, as noted herein, the parties respectfully request leave to file dispositive motions following phase one of discovery, and again following phase two of discovery.

Other Orders [FRCP 26(f)(3)(F)]: The parties do not anticipate the need for any other orders that should be entered by the Court under FRCP 26(c) or 16(b) and (c).

The parties agree that this is not a complex case and there is no need to utilize the procedures contained in the Manual For Complex Litigation. [LR 26-1(a)].

**Expert Witnesses**

Expert Witnesses [LR 26-1(f)]: The parties agreed to provide the identity of any expert as required by FRCP 26(a)(2)(A) and the written report as required by FRCP 26(a)(2)(B) by December 19, 2022.

**h. Motions**

Additional parties [LR 26-1(e)]: At this time, the parties do not anticipate the need to add additional parties or claims, or transfer venue. Defendant may seek to file an amended Answer and if so, will work with Plaintiff in an effort to file by consent.

**i. Class Certification**

This is not a class action case.

**j. Dispositive Motions**

Following phase one of discovery, Defendant intends to file a motion for summary judgment asserting that the penalties were not timely or validly assessed and/or that suit was timely filed.

If Defendant's motion for summary judgment is denied, the parties will proceed with phase two of discovery, following which the United States

intends to file a motion for summary judgment asserting that Defendant willfully failed to file FBARs for the years at issue. Defendant also intends to file a motion for summary judgment with respect to the valid assessment and calculation of the penalties.

### k. Settlement/Alternative Dispute Resolution (ADR)

The parties have had preliminary discussions regarding settlement and determined that settlement is premature at this time.

Recommended settlement procedure [LR 26-1(c) and 16-15]: The parties elect to hold a settlement conference before the Magistrate Judge assigned to this case (Settlement Procedure Number 1).

### l. Pretrial Conference and Trial

Attached at Exhibit A is a proposed Schedule of Pretrial and Trial Dates.

### m. Trial Estimate

Defendant requested a jury trial as part of her Answer, filed December 15, 2021 (ECF document number 16).

The United States expects to call approximately five witnesses.

Laura Kim expects to call approximately five witnesses.

Estimated length of trial [LR 26-1(d)]: 3 to 5 days.

### n. Trial Counsel

- Gavin Greene, attorney for the United States of America; and
- Caroline D. Ciraolo and William Greco, A. Lavar Taylor, and Jonathan Amitrano, attorneys for Laura Kim.

### o. Independent Expert or Master

This is not a case in which the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

**p. Other Issues**

<u>Accommodations</u>: Defendant is not a native English speaker and may need a Korean translator at trial.

<u>Waiver of Pre-Trial Procedures</u>: The parties do not consent to the waiver of standard pre-trial procedures, governed by Local Rules 16-2 through 16-10.

<u>Service</u>: For all documents required to be served to an opposing party and not filed electronically with the Clerk of the court through the Court's CM/ECF System, the parties agree to service by electronic means in accordance with FRCP 5(b)(2)(E).

                                      Respectfully submitted,

                                      TRACY L. WILKISON
                                      United States Attorney
                                      THOMAS D. COKER
                                      Assistant United States Attorney
                                      Chief, Tax Division

Dated: February 9, 2022         /s/
                                      GAVIN GREENE
                                      Assistant United States Attorney
                                      Attorneys for the United States of America

                                      Kostelanetz & Fink, LLP

Dated: February 9, 2022         /s/
                                      CAROLINE D. CIRAOLO
                                      Attorneys for Laura Kim

|   |   |   |
|---|---|---|
|   |   | Kostelanetz & Fink, LLP |
| Dated: February 9, 2022 |   | /s/<br>WILLIAM GRECO<br>Attorneys for Laura Kim |
|   |   | Law Offices of A. Lavar Taylor, LLP |
| Dated: February 9, 2022 |   | /s/<br>A. LAVAR TAYLOR<br>Attorneys for Laura Kim |
|   |   | Law Offices of A. Lavar Taylor, LLP |
| Dated: February 9, 2022 |   | /s/<br>JONATHAN AMITRANO<br>Attorneys for Laura Kim |

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I Gavin Greene attest that Caroline D. Ciraolo, William Greco, A. Lavar Taylor, and Jonathan Amitrano concur in the contents of this document and have authorized this filing.

12

# Exhibit A – Schedule of Pretrial and Trial Dates

**Case No.: 2:21-cv-06746-FMO-KS**
**Case Name:** *United States v. Laura Kim*

| Event | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings/Add Parties | 3/10/2022 | 3/10/2022 | |
| Initial Disclosures Due | 3/10/2022 | 3/10/2022 | |
| Phase One Discovery Cut-Off | 7/18/2022 | 7/18/2022 | |
| Phase One Motions Due | 9/12/2022 | 9/12/2022 | |
| Oppositions to Phase One Motions Due | 10/10/2022 | 10/10/2022 | |
| Replies to Oppositions to Phase One Motions Due | 10/24/2022 | 10/24/2022 | |
| Expert Disclosure (Initial) | 12/19/2022 | 12/19/2022 | |
| Expert Disclosure (Rebuttal) | 1/30/2023 | 1/30/2023 | |
| Phase Two Non-Expert Discovery Cut-Off | 4/24/2023 | 4/24/2023 | |
| Expert Discovery Cut-Off | 5/15/2023 | 5/15/2023 | |
| Phase Two Motions Due | 6/12/2023 | 6/12/2023 | |
| Oppositions to Phase Two Motions Due | 6/26/2023 | 6/26/2023 | |
| Replies to Oppositions to Phase Two Motions Due | 7/10/2023 | 7/10/2023 | |
| Last Date to Hear Motions | 7/24/2023 | 7/24/2023 | |
| Last Date to Conduct Settlement Conference | 8/14/2023 | 8/14/2023 | |
| • File Memorandum of Contentions of Fact and Law, LR 16-4<br>• File Exhibit and Witness Lists, LR 16-5.6<br>• File Status Report Regarding Settlement<br>• File Motions *in Limine* | 9/4/2023 | 9/4/2023 | |

| Event | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| • Lodge Pretrial Conference Order, LR 16-7<br>• File Agreed Set of Jury Instructions and Verdict Forms<br>• File Statement Regarding Disputed Instructions, Verdicts, etc.<br>• File Oppositions to Motions *in Limine* | 9/11/2023 | 9/11/2023 | |
| Final Pretrial Conference (LR 16) and Hearing on Motions in Limine | 9/25/2023 | 9/25/2023 | |
| Jury Trial<br>    Duration Estimate: 3-5 days | 10/17/2023 | 10/17/2023 | |