1  E. MARTIN ESTRADA
2  United States Attorney
   THOMAS D. COKER
3  Assistant United States Attorney
4  Chief, Tax Division
   GAVIN L. GREENE (Cal. Bar No. 230807)
5  Assistant United States Attorney
6        Federal Building, Suite 7211
          300 North Los Angeles Street
7         Los Angeles, California 90012
8         Telephone: (213) 894-4600
          Facsimile: (213) 894-0115
9         E-mail: Gavin.Greene@usdoj.gov
10
11 Attorneys for the United States of America

                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION

| United States of America, | Case No. 2:21-cv-06746-FMO-KS |
|---|---|
| Plaintiff, | United States' Supplemental Memorandum for the Cross Motion for Summary Judgment |
| v. | |
| Laura Kim, | Date: March 9, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Location: First Street Courthouse<br>350 West First Street<br>Los Angeles, California |
| Defendant. | |

1

The United States is entitled to summary judgment because the undisputed facts establish that Defendant willfully failed to comply with the FBAR reporting requirement for the years 2009 through 2012. For the reasons set forth in the motion for summary judgment (ECF document number 36), Defendant's affirmative defenses are without merit because: (1) the FBAR penalties were assessed within the statutory period since the IRS complied with the condition for extending the statute of limitations; (2) the assessments were made by someone with the requisite authority; (3) the IRS is not required to identify specific accounts on particular forms for a valid assessment; and (4) the IRS decision as to the amounts of the penalties was not arbitrary and capricious because it was less than the statutory maximum. If the Court determines that Defendant was willful, but that the amount of the penalty was arbitrary and capricious, the proper remedy is to remand the action to the IRS for recalculation of the penalty.

**A. The undisputed facts establish that Defendant was reckless as a matter of law, so the United States is entitled to summary judgment**

It is undisputed that Defendant: (1) knew about the reporting requirement; (2) made the decision about what information to include on the FBAR forms; (3) did not comply with the FBAR reporting requirement because she did not report numerous foreign bank accounts that she controlled and underreported her foreign bank account balances by over 90%; and (4) did not take her obligation to accurately report her foreign bank accounts "seriously." The undisputed evidence establishes that Defendant was reckless, and therefore willful, as a matter of law.

Defendant owns multiple businesses in the United States and South Korea. Defendant had her bookkeeper assist her in preparing her FBARs for 2009 through 2012, but Defendant made the decision about what information to put on the forms and she reviewed the completed FBARs

2

before they were filed. Still, Defendant did not report most of her foreign account balances as required by law. Considering the highest balances in her foreign accounts throughout the year – the amounts she was required to report to the IRS on her FBARs – she only reported between 1% and 5% of the total for each of the four years. Considering the highest month-end balances, she only reported between 2% and 8% of the total.[1] Stated differently, during the years at issue, she had between approximately $6,000,000 and $11,000,000 in foreign bank accounts, but she only reported between $300,000 and $600,000 to the IRS, as demonstrated by the following chart:



---

[1] The latter totals for foreign balances are lower – and thus the reported percentages are higher – because money was routinely moved around between the various accounts and considering high balances throughout the year double counts some of the money. The combined balance at a specific date avoids double counting.

3

The reckless standard for willfulness in civil cases was firmly established by the Supreme Court in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Lower courts applied it to FBAR cases in *Norman v. United States*, 942 F.3d 1111, 1115 (Fed. Cir. 2019), *Bedrosian v. United States*, 912 F.3d 144, 152-53 (3d Cir. 2018), and *United States v. Williams*, 489 F. App'x 655, 660 (4th Cir. 2012). The Central District of California applied it to FBAR cases in *United States v. Bohanec*, 263 F. Supp. 3d at 889 (C.D. Cal. 2016), and *United States v. Cohen*, 2019 WL 8231039, at *7 (C.D. Cal. 2019). Defendant is reckless if she ought to have known that there was a grave risk that the reporting requirement was not being met and she was able to find out for certain very easily. *See Bedrosian,* 912 F.3d at 153. Contrary to Defendant's protestations [ECF document number 36, 25:25-26], this is not the same as strict liability, which would apply in any case where there was a reporting violation. *See United States v. Schwarzbaum,* 24 F.4th 1355, 1363 (11th Cir. 2022) (rejecting argument that reckless standard constitutes a "*de facto* strict liability standard").

The United States has the burden of proof to establish willfulness by a preponderance of the evidence. *United States v. Goldsmith*, 541 F. Supp. 3d 1058, 1072 (S.D. Cal. 2021); *United States v. Bohanec*, 263 F. Supp. 3d 881, 889 (C.D. Cal. 2016); *United States v. Garrity*, 304 F. Supp. 3d 267, 273 (D. Conn. 2018); *United States v. Mahyari*, 2023 WL 372656, at *4 (D. Or. Jan. 24, 2023). The United States need not show improper motive or bad purpose, and a subjective good faith belief that one's conduct is lawful does not preclude the imposition of the FBAR penalty. *United States v. Hughes*, 2020 WL 1536509, at *6 (N.D. Cal. Mar. 31, 2020); *United States v. McBride*, 908 F. Supp. 2d 1186, 1204 (D. Utah 2012); *Lefcourt v. United States*, 125 F.3d 79, 82 (2d Cir. 1997).

1 The undisputed, objective facts show that Defendant was reckless when
2 she filed her FBARs, and therefore she was willful as a matter of law. She
3 knew about the FBAR filing requirement, and timely filed FBARs for the
4 four years at issue. She does not suggest that she did not know how much
5 money she had in foreign accounts, only that "Korean Banks often closed and
6 opened accounts without her knowledge … so she was not aware of all of the
7 accounts in her name[.]" ECF document number 36, 27:4-5. Her explanation
8 for why she omitted millions of dollars from the FBARs she filed in four
9 consecutive years is that she did not think that the FBAR was that serious
10 at the time [Fact P176; Kim 46:16-24], implicitly acknowledging that if she
11 had taken it seriously, she could have easily discovered her errors and
12 corrected them. Instead, she failed to report millions of dollars of foreign
13 assets every year, and at best, reported only 5% of her foreign account
14 balances.

15 Defendant cites *United States v. Cohen*, 2019 WL 8231039 (C.D. Cal.
16 Dec. 16, 2019) to suggest that this case is not appropriate for summary
17 judgment. In that case, defendant Fariba Cohen did not timely file FBARs
18 [*Id*. at *4], so there was a dispute of fact as to whether she knew about the
19 FBAR filing requirement. Moreover, the IRS assessed the FBAR penalty
20 based on a foreign bank account at Bank Leumi (Luxembourg), but she
21 disputed that she signed the documents opening the account and claimed
22 that she believed that it was a domestic bank account. *Id*. at *2. The court in
23 *Cohen* concluded that material facts were in dispute, and that it would have
24 to make a credibility determination as to her testimony to determine
25 willfulness, thereby precluding summary judgment. *Id*. at *8.

26 There is no comparable factual dispute in this case. Defendant timely
27 filed FBARs for all the years at issue – so there is no dispute that she was
28 aware of the FBAR filing requirement – and she knew she had numerous

5

1 foreign bank accounts, so the Court does not need to make a credibility
2 determination as to her knowledge of the FBAR requirement. Accordingly,
3 *Cohen* is distinguishable. Moreover, willfulness has been found in other cases
4 on summary judgment. *See e.g., United States v. Horowitz*, 978 F.3d 80, 90
5 (4th Cir. 2020); *United States v. Rum*, No. 17-CV-826, 2019 WL 3943250, at
6 *14 (M.D. Fla. Aug. 2, 2019), report and recommendation adopted, 2019 WL
7 5188325 (M.D. Fla. Sept. 26, 2019), affirmed on appeal, 995 F.3d 882, 895
8 (11th Cir. Apr. 23, 2021); *Kimble v. United States*, 141 Fed. Cl. 373, 386 (Fed.
9 Cl. 2018); *United States v. Gentges*, 531 F. Supp. 3d 731, 752 (S.D.N.Y. 2021);
10 *Mahyari*, 2023 WL 372656, at *9 (D. Or. Jan. 24, 2023).

11 The undisputed facts in this case demonstrate that Defendant
12 recklessly failed to comply with her reporting obligations by failing to report
13 most of her foreign accounts and underreporting her foreign account
14 balances, and was thus willful as a matter of law.

15 **B. Defendant's delegation argument fails as a matter of law because**
16 **the FBAR penalty was assessed against Defendant by someone with**
17 **adequate authority**

18 Defendant argues in her brief [ECF document number 36, 32-35],
19 without citation to any Ninth Circuit precedent, that Cesilee Graves did not
20 have adequate authority when she signed Form 13448 for Leah Smith-Pope,
21 Department Manager of CTR Operations. As the United States explained in
22 the motion for summary judgment, this argument fails as a matter of law.

23 Delegation Order 25-13 delegates to the Department Manager, CTR
24 Operations, authority to assess the FBAR penalty "and to take any other
25 action reasonably necessary for the enforcement of these and related
26 provisions." Exhibit 183 at ¶¶ 2 and 3. The Department Manager of CTR
27 Operations has the authority to assess the willful FBAR penalty. Leah
28 Smith-Pope was the Department Manager, but during the relevant time she

6

was on leave and had designated Kathy Mitchell as Acting Department Manager of CTR Operations. Defendant acknowledges that "Mitchell and Smith-Pope had authority to assess FBAR penalties on August 20, 2019." ECF document number 36, 34:2-3. Kathy Mitchell reviewed Form 13448, then requested that Cesilee Graves sign it to assess the FBAR penalty.

The procedure used by the IRS was reasonable because it preserved the distinction between the person reviewing the file and approving the penalty, while also allowing Kathy Mitchell to continue to use her experience and expertise as the person reviewing the file. CTR Operations should be allowed to do its job, and the review process should be encouraged. Defendant has cited no cases for the position that either the work of the government must stop when certain people are unavailable, or that specific individuals within the organization cannot temporarily assume the powers of someone who is unavailable.

Defendant cites Chief Counsel Advisory 200133043 at length, even though it cites 26 U.S.C. § 6110(k)(3) to make clear that it "should not be cited as precedent." Regardless, as explained in the advisory opinion, "the primary objective of a delegation order is to vest front line employees and their immediate supervisors with the requisite authority to perform the duties." *Id.* citing IRM 1.2.3.4.2 (April 28, 2000). Similarly, Defendant cites IRM 4.26.17.4.3(8)(b) (12-11-2019), which instructs IRS employees to "[f]orward the penalty assessment information to the department manager, CTR Operations, or an authorized designee. This designated official completes the assessment using Form 13448[.]" Kathy Mitchell had authority as the Acting Department Manager of CTR Operations to assess the FBAR penalty, and to take any other action reasonably necessary for the enforcement of these and related provisions. Asking Cesilee Graves to sign Form 13448 is consistent with Delegation Order 25-13 and the IRM because

1  it maintained Kathy Mitchell's ability to use her expertise to review the file
2  while maintaining the two-person review/approval process used by CTR
3  Operations. In any event, the IRM does not have the force of law and does
4  not confer rights on taxpayers. *Fargo v. Commissioner*, 447 F.3d 706, 713
5  (9th Cir. 2006); *Est. of Duncan v. Commissioner*, 890 F.3d 192, 200 (5th Cir.
6  2018) (the IRM contains internal operating procedures for the IRS, but it is
7  not legally binding and does not create rights in the taxpayer).

8       Similarly, Defendant cites *DelPonte v. Commissioner*, 158 T.C. No. 7
9  (2022), which simply stands for the proposition that the IRS Office of Chief
10 Counsel cannot delegate litigation decisions outside the organization, which
11 is not what happened here. In this case, the Department Manager of CTR
12 Operations was out on leave, and transferred authority to Kathy Mitchell to
13 make the FBAR assessment while she was out of the office. After Kathy
14 Mitchell reviewed the Form 13448, she requested that Cesilee Graves sign it
15 to assess the FBAR penalty. It was reviewed by the Acting Department
16 Manager of CTR Operations and signed by Cesilee Graves for Leah Smith-
17 Pope. This is consistent with Delegation Order 25-13 and does not serve as a
18 basis for Defendant to avoid her FBAR penalties.

19 **C. Defendant has waived her Eighth Amendment argument**

20      Defendant states that she "reserves the right to challenge the FBAR
21 Penalties as grossly disproportional to the gravity of her conduct in violation
22 of the Eighth Amendment." ECF document number 36, page 2 (11 of 61),
23 footnote 1. Defendant does not provide any authority for the purported right
24 of reservation. In any event, the issue is abandoned because Defendant only
25 mentions the Eighth Amendment in passing, and she does not support her
26 contention with argument. *See Kohler v. Inter-Tel Tech.*, 244 F.3d 1167, 1182
27 (9th Cir. 2001) ("Issues raised in a brief which are not supported by
28 argument are deemed abandoned.").

**D. Conclusion**

The United States is entitled to summary judgment because Defendant knew about the FBAR reporting requirement, made the decision about what information to include on the forms, did not report most of her foreign bank accounts, and underreported her foreign bank account balances by over 90%. She did not take her obligation to accurately report her foreign bank accounts seriously, but had she done so she could have easily discovered her errors and corrected them. Based on these undisputed facts, Defendant ought to have known that there was a substantial risk that the reporting requirement was not being met and she was able to find out for certain very easily. Accordingly, she was reckless, and therefore willful under the statute. Defendant's defenses should be rejected for the reasons set forth in the motion for summary judgment. Thus, the United States is entitled to summary judgment.

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: February 23, 2023         /s/
                                 GAVIN GREENE
                                 Assistant United States Attorney
                                 Attorneys for the United States of America