E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>              v.<br><br>Laura Kim,<br><br>              Defendant. | Case No. 2:21-cv-06746-FMO-KS<br><br>United States' Opposition to Defendant's Motion for Leave to File Supplemental Brief<br><br>Date:           April 13, 2023<br>Time:          10:00 a.m.<br>Courtroom:   6D<br>Location:     First Street Courthouse<br>                   350 West First Street<br>                   Los Angeles, California |

1

1
2
3
4

The Court should deny Defendant's motion for supplemental brief because it violates the Court's order regarding supplemental briefing, it failed to provide the Court with a copy of the proposed supplemental brief, and *Bittner* is not relevant.

5
6
7
8
9
10

First, the Court has explicitly prohibited supplemental briefing. Pursuant to the Court's Order Re: Summary Judgment Motions, ECF document number 21, after the parties filed the cross motions for summary judgment and supplemental memoranda, "[n]o other separate memorandum of points and authorities shall be filed by either party in connection with the summary judgment motion." *Id*. at 6:1-3.

11
12
13
14
15

Second, Defendant failed to provide the Court with a copy of her supplemental brief. "It is standard practice to submit the proposed supplemental brief so as to provide the Court with an opportunity to review the proposed supplemental brief before it decides whether to allow its filing." *Taylor v. Borders*, 2021 WL 9721279, at *1 (C.D. Cal. Nov. 4, 2021).

16
17
18
19
20
21
22
23

Third, the Supreme Court's analysis in *Bittner v. United States*, 143 S.Ct. 713 (2023), is not relevant in this case. Defendant only cites to two pages, 719-720, which are not relevant to resolving the cross motions for summary judgment in this case. In *Bittner*, the question before the Supreme Court was whether a nonwillful FBAR penalty accrues on a per-report or a per-account basis. *Bittner* at 719. It concluded that "in all cases, penalties for nonwillful violations accrue on a per-report, not a per-account, basis." *Id*. at 720.

24
25
26
27
28

By contrast, for willful penalties the law authorizes the IRS to impose a maximum penalty of either $100,000 or 50% of the balance in the account at the time of the violation, whichever is greater. *Id*., citing 31 U.S.C. §§ 5321(a)(5)(C) and (D)(ii). Unlike nonwillful penalties, for willful penalties

"the law *does* tailor penalties to accounts." *Bittner* at 720. (emphasis in original).

The Supreme Court went on to emphasize that willful violations could result in per-account penalties: "Congress explicitly authorized per-account penalties for some willful violations[.]" *Id*. "Congress said that penalties for certain willful violations may be measured on a per-account basis." *Id*. "Congress in 1986 authorized the government to impose penalties on a per-account basis for certain willful violations." *Id*. at 722.

The *Bittner* opinion does not affect the outcome of the cross motions for summary judgment in this case, and the Court should deny Defendant's request for additional briefing.

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: March 15, 2023          /s/
GAVIN GREENE
Assistant United States Attorney
Attorneys for the United States of America