Caroline D. Ciraolo
Email: cciraolo@kflaw.com
William G. Greco
Email: wgreco@kflaw.com
Telephone: (443) 845-4898
Fax: (212) 808-8108
Kostelanetz LLP
601 New Jersey Ave, N.W., Ste. 260
Washington, DC 20001
*Pro Hac Vice Counsel*

A. Lavar Taylor (CA Bar No. 129512)
Email: ltaylor@taylorlaw.com
Jonathan T. Amitrano (CA Bar No. 283389)
Email: jamitrano@taylorlaw.com
Telephone: (714) 546-0445, ext. 116
Fax: (714) 546-2604
Taylor, Nelson & Amitrano, LLP
3 Hutton Centre Drive, Ste. 500
Santa Ana, CA 92707
*Attorneys for Laura Kim*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Laura Kim,<br><br>　　　　Defendant. | CASE NO. 2:21-cv-06746 FMO (KSx)<br><br>**REPLY TO OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**<br><br>Motion Hearing Date: N/A<br>Judge: Fernando Olguin |

1

# REPLY TO OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

Defendant Laura Kim ("Ms. Kim") hereby replies to Plaintiff's Opposition to Defendant's Motion for Leave to File Supplemental Brief, ECF No. 46 (Mar. 15, 2023), regarding the Supreme Court's decision in *Bittner v. United States,* 143 S.Ct. 713 (2023). As an initial matter, there is no local rule that requires a party to attach a supplemental brief to a motion seeking leave to file a supplemental brief. To the contrary, this Court's Initial Standing Order expressly provides: "Any supplemental briefs filed *without prior leave of the court* will be stricken."[1] In compliance with this Court's directive, Ms. Kim sought leave prior to briefing the *Bittner* decision. While Ms. Kim continues to seek leave of this Court, she files this Reply solely due and in direct response to Plaintiff's substantive Opposition.

In *Bittner,* the Supreme Court held that a violation of 31 U.S.C. § 5314 as contemplated by 31 U.S.C. § 5321(a)(5)(A) is a failure to file an accurate FBAR, not the failure to report a particular account on an FBAR. *Id.* at 719-720.  That conclusion now binds this Court and compels the conclusion that any violation by Ms. Kim, whether willful or otherwise, occurred on a per-form basis.

The penalties for violations of 31 U.S.C. § 5314 are prescribed by the remaining subparagraphs of 31 U.S.C. § 5321(a)(5). The violation before the *Bittner* Court was of an undisputedly nonwillful nature, leading to the conclusion that 31 U.S.C. § 5321(a)(5)(B) prescribes a maximum penalty of

---

[1] *See* https://www.cacd.uscourts.gov/honorable-fernando-m-olguin *and* https://www.cacd.uscourts.gov/sites/default/files/documents/FMO/AD/InitialStandingOrder.2018.pdf (last visited Mar. 16, 2023) (emphasis added).

$10,000 per-report for nonwillful violations. *Id.* at 720. The Court further recognized that:

> Section 5321 goes on to say that if an individual "willfully" violates § 5314, he may face a maximum penalty of $100,000. § 5321(a)(5)(C)(i)(I). The statute then adds an even more specific rule for a subclass of willful violations – those that involve "a failure to report the existence of an account or any identifying information required to be provided with respect to an account." § 5321(a)(5)(D)(ii). In cases like that, the law authorizes the Secretary to impose a maximum penalty of *either* $100,000 *or* 50% of "the balance in the account at the time of the violation" – *whichever is greater*. §§ 5321(a)(5)(C) and (D)(ii).

*Bittner*, 143 S.Ct. at 720 (emphasis supplied).

In this case, the Internal Revenue Service ("IRS") calculated the willful FBAR penalty as follows:

| Last 4 Digits | Accounts Listed in IRS FBAR Penalty Calculation Spreadsheet | Balance on 6/30/2012 Per IRS | Penalty Amount Per IRS |
|---|---|---|---|
| 2323 | 1080-800-202323 | $796.46 | $100,000.00 |
| 0302 | 1081-900-510302 | $1,899.23 | $100,000.00 |
| 0758 | 1080-000-210758 | $2,613.00 | $100,000.00 |
| 5806 | 1081-500-085806 |  | $100,000.00 |
| 4681 | 1002-544-404681 |  | $100,000.00 |
| 9534 | 1040-205-569534 | $6,012.50 | $100,000.00 |
| 6397 | 1020-209-256397 |  | $100,000.00 |
| 8740 | 1020-502-668740 |  | $100,000.00 |
| 3570 | 1002-444-133570 |  | $100,000.00 |
| 3441 | 1002-209-183441 | $108,254.36 | $100,000.00 |
| 6699 | 518-20-116699 | $2,362.44 | $100,000.00 |
| 9689 | 1005-901-969689 | $2,722.00 | $100,000.00 |
| 9676 | 1005-901-899676 | $202.00 | $100,000.00 |
| 5417 | 1005-601-855417 |  | $100,000.00 |
| 6411 | 1005-900-336411 | $15,056.00 | $100,000.00 |
| 2033 | 1081-900-052033 |  | $100,000.00 |
| 4889 | 1121-600-034889 |  | $100,000.00 |
| 9362 | 1081-100-479362 | $194,390.18 | $100,000.00 |
| 0232 | 1005-501-830232 |  | $100,000.00 |

| 8951 | 1020-203-418951 |  | $100,000.00 |
|---|---|---|---|
| 5091 | 1020-111-115091 |  | $100,000.00 |
| 6048 | 1020-911-146048 |  | $100,000.00 |
| 0907 | 1181-501-900907 |  | $100,000.00 |
| 9368 | 1181-404-959368 |  | $100,000.00 |
| 5711 | 1040-804-165711 |  | $100,000.00 |
| 1926 | 1002-245-441926 |  | $100,000.00 |
| 7808 | 1002-942-817808 | $8.68 | $100,000.00 |
| 9166 | 1002-534-789166 |  | $100,000.00 |
| 2001 | 460-040524-12-001 | $63,294.13 | $100,000.00 |
| 6539 | 1005-801-926539 |  | $100,000.00 |
| 1003 | 460-069541-41-003 |  | $100,000.00 |
| 3001 | 460-069541-13-001 | $7,919.20 | $100,000.00 |
| 5417 | 1005-601-855417 | $450,683.22 | $100,000.00 |
| 0405 | 1002-430-970405 |  | $100,000.00 |
| 8765 | 1081-400-538765 | $631.80 | $100,000.00 |
| 9546 | 1080-400-219546 | $2,792.25 | $100,000.00 |
| 4681 | 1002-544-404681 | $712,878.78 | $356,439.39 |
| 6258 | 1020-711-226258 | $46,250.00 | $100,000.00 |
|  |  | **$1,618,766.23** | **$4,056,439.39** |

As noted, under 31 U.S.C. § 5321, the willful FBAR penalty is the greater of *either* $100,000 *or* a penalty equal to 50% of the *actual* balance of each allegedly unreported account on the date of violation. Ms. Kim raised this point in her Protest filed with the IRS on April 23, 2018. *See* Cross Motions for Summary Judgment, Ex. 107, at USA – 003597.

Without waiving pending objections to the accounts listed,[2] and based solely on the above chart, the willful FBAR penalty would be no more than

---

[2] Ms. Kim raised numerous objections to the IRS calculations in the Cross Motions for Summary Judgment. *See* Section VI.A., Cross Motions, ECF No. 36, at 44-46. For example, the IRS imposes a penalty of $356,439.39 to Account -4681, and another penalty of $100,000 to the *same account*. D462-D463, Ex. 69 at LHK_3484-3485. The IRS imposes two penalties of $100,000 to Account -5417. D465, Ex. 69 at LHK_3484-3485. The IRS imposes a $100,000 penalty to Account -6699 even though the account was reported by Ms. Kim on her 2011 FBAR. D467-D468, Ex. 65. The IRS imposes $100,000 penalties to Accounts -8765, -9546, and -6258, but does not prove that these accounts were open in 2011. D475-D477, Ex. 69 at LHK_3484-3485; D478-

*(footnote cont'd on next page)*

4

$809,383.12 (50% of $1,618,766.23). Instead, the IRS applied a penalty equal to 50% of the balance to all but one of the accounts with a balance of $200,000 or more on the date of violation, *and* a penalty of $100,000 per account for accounts with balances of $0 to $199,999 on the date of violation. This is contrary to the statute and yet another example of the arbitrary and capricious manner in which the IRS calculated the penalties in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| March 17, 2023 | /s/<br>CAROLINE D. CIRAOLO<br>Kostelanetz LLP |
| March 17, 2023 | /s/<br>WILLIAM GRECO<br>Kostelanetz LLP |
| March 17, 2023 | /s/<br>A. LAVAR TAYLOR<br>Taylor, Nelson & Amitrano, LLP |
| March 17, 2023 | /s/<br>JONATHAN AMITRANO<br>Taylor, Nelson & Amitrano, LLP |

---

D480, Exs. 41, 42, 44. The IRS imposes $100,000 penalties on Accounts -1003, -2001, -2033, -3001, -3441, and -6411. D483-D488, Ex. 69 at LHK_3484-3485. However, accounts -1003 and -2033 are the same, as are -2001 and -3441, and -3001 and -6411. D483-488, Ex. 69 at LHK_3484-3485; D489-D491, Exs. 209-211. The IRS imposes $100,000 penalties on Accounts -9534, -8740, -6699, -9676, -0232, -8951, -5091, -6048, -0907, -5711, -1926, -7808, -9166, -6539, -0405, and -6258, D494-D509, Ex. 69 at LHK_3484-3485, but Plaintiff failed to allege that Ms. Kim willfully failed to report these accounts on her 2011 FBAR. Complaint at Ex. A, ECF No. 1 (Aug. 20, 2021). Finally, Ms. Kim disputes that the chart accurately reflects the June 30, 2012, balances of the accounts identified. *See also* Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment, ECF No. 41, at 3 (Feb. 23, 2023).