E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Laura Kim,<br><br>    Defendant. | Case No. 2:21-cv-06746-FMO-KS<br><br>United States' Supplemental Memorandum for the Cross Motion for Summary Judgment<br><br>Date:        June 1, 2023<br>Time:       10:00 a.m.<br>Courtroom:  6D<br>Location:   First Street Courthouse<br>                 350 West First Street<br>                 Los Angeles, California |

The United States is entitled to summary judgment because the undisputed facts establish that Defendant willfully failed to comply with the FBAR reporting requirement for the years 2009 through 2012. For the reasons set forth in the motion for summary judgment (ECF document number 51), Defendant's affirmative defenses are without merit because: (1) the FBAR penalties were timely assessed since the IRS complied with the condition for extending the statute of limitations; (2) the assessments were made by someone with the requisite authority; and (3) the IRS decision as to the amounts of the penalties was not arbitrary and capricious because it was less than the statutory maximum. If the Court determines that Defendant was willful, but that the amount of the penalty was arbitrary and capricious, the proper remedy is to remand the action to the IRS for recalculation of the penalty.

**A. The undisputed facts establish that Defendant was reckless as a matter of law, so the United States is entitled to summary judgment**

It is undisputed that Defendant: (1) knew about the reporting requirement; (2) made the decision about what information to include on the FBAR forms; (3) did not comply with the FBAR reporting requirement because she did not report numerous foreign bank accounts that she controlled and underreported her foreign bank account balances by over 90%; and (4) did not take her obligation to accurately report her foreign bank accounts "seriously." The undisputed evidence establishes that Defendant was reckless, and therefore willful, as a matter of law.

Defendant owns multiple businesses in the United States and South Korea. Defendant had her bookkeeper assist her in preparing her FBARs for 2009 through 2012, but Defendant made the decision about what information to put on the forms and she reviewed the completed FBARs before they were filed. Still, Defendant did not report most of her foreign

account balances as required by law. Considering the highest balances in her foreign accounts throughout the year—the amounts she was required to report to the IRS on her FBARs—she only reported between 1% and 5% of the total for each of the four years. Considering the highest month-end balances, she only reported between 2% and 8% of the total.[1] Stated differently, during the years at issue, she had between approximately $6,000,000 and $11,000,000 in foreign bank accounts, but she only reported between $300,000 and $600,000 to the IRS, as demonstrated by the following chart:



---

[1] The latter totals for foreign balances are lower – and thus the reported percentages are higher – because money was routinely moved around between the various accounts and considering high balances throughout the year double counts some of the money. The combined balance at a specific date avoids double counting.

The reckless standard for willfulness in civil cases was firmly established by the Supreme Court in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Lower courts applied it to FBAR cases in *Norman v. United States*, 942 F.3d 1111, 1115 (Fed. Cir. 2019), *Bedrosian v. United States*, 912 F.3d 144, 152-53 (3d Cir. 2018), and *United States v. Williams*, 489 F. App'x 655, 660 (4th Cir. 2012). The Central District of California applied it to FBAR cases in *United States v. Bohanec*, 263 F. Supp. 3d at 889 (C.D. Cal. 2016), and *United States v. Cohen*, 2019 WL 8231039, at *7 (C.D. Cal. 2019). Defendant is reckless if she ought to have known that there was a grave risk that the reporting requirement was not being met and she was able to find out for certain very easily. *See Bedrosian,* 912 F.3d at 153. Contrary to Defendant's protestations [ECF document number 51, 25:16-17], this is not the same as strict liability, which would apply in any case where there was a reporting violation. *See United States v. Schwarzbaum,* 24 F.4th 1355, 1363 (11th Cir. 2022) (rejecting argument that reckless standard constitutes a "*de facto* strict liability standard").

The United States has the burden of proof to establish willfulness by a preponderance of the evidence. *United States v. Goldsmith*, 541 F. Supp. 3d 1058, 1072 (S.D. Cal. 2021); *United States v. Bohanec*, 263 F. Supp. 3d 881, 889 (C.D. Cal. 2016); *United States v. Garrity*, 304 F. Supp. 3d 267, 273 (D. Conn. 2018); *United States v. Mahyari*, 2023 WL 372656, at *4 (D. Or. Jan. 24, 2023). The United States need not show improper motive or bad purpose, and a subjective good faith belief that one's conduct is lawful does not preclude the imposition of the FBAR penalty. *United States v. Hughes*, 2020 WL 1536509, at *6 (N.D. Cal. Mar. 31, 2020); *United States v. McBride*, 908 F. Supp. 2d 1186, 1204 (D. Utah 2012); *Lefcourt v. United States*, 125 F.3d 79, 82 (2d Cir. 1997).

4

The undisputed, objective facts show that Defendant was reckless when she filed her FBARs, and therefore she was willful as a matter of law. She knew about the FBAR filing requirement, and timely filed FBARs for the four years at issue. She does not suggest that she did not know how much money she had in foreign accounts, only that "Korean Banks often closed and opened accounts without her knowledge … so she was not aware of all of the accounts in her name[.]" ECF document number 51, 26:22. Her explanation for why she omitted millions of dollars from the FBARs she filed in four consecutive years is that she did not think that the FBAR was that serious at the time [Fact P176; Kim 46:16-24], implicitly acknowledging that if she had taken it seriously, she could have easily discovered her errors and corrected them. Instead, she failed to report millions of dollars of foreign assets every year, and at best, reported only 5% of her foreign account balances.

Defendant cites *United States v. Cohen*, 2019 WL 8231039 (C.D. Cal. Dec. 16, 2019) to suggest that this case is not appropriate for summary judgment. In that case, defendant Fariba Cohen did not timely file FBARs [*Id*. at *4], so there was a dispute of fact as to whether she knew about the FBAR filing requirement. Moreover, the IRS assessed the FBAR penalty based on a foreign bank account at Bank Leumi (Luxembourg), but she disputed that she signed the documents opening the account and claimed that she believed that it was a domestic bank account. *Id*. at *2. The court in *Cohen* concluded that material facts were in dispute, and that it would have to make a credibility determination as to her testimony to determine willfulness, thereby precluding summary judgment. *Id*. at *8.

There is no comparable factual dispute in this case. Defendant timely filed FBARs for all the years at issue—so there is no dispute that she was aware of the FBAR filing requirement—and she knew she had numerous

foreign bank accounts, so the Court does not need to make a credibility determination as to her knowledge of the FBAR requirement. Accordingly, *Cohen* is distinguishable. Moreover, willfulness has been found in other cases on summary judgment. *See e.g., United States v. Horowitz*, 978 F.3d 80, 90 (4th Cir. 2020); *United States v. Rum*, No. 17-CV-826, 2019 WL 3943250, at *14 (M.D. Fla. Aug. 2, 2019), report and recommendation adopted, 2019 WL 5188325 (M.D. Fla. Sept. 26, 2019), affirmed on appeal, 995 F.3d 882, 895 (11th Cir. Apr. 23, 2021); *Kimble v. United States*, 141 Fed. Cl. 373, 386 (Fed. Cl. 2018); *United States v. Gentges*, 531 F. Supp. 3d 731, 752 (S.D.N.Y. 2021); *Mahyari*, 2023 WL 372656, at *9 (D. Or. Jan. 24, 2023); *United States v. Kelly*, 2023 WL 3212718, at *12 (E.D. Mich. May 2, 2023).

The undisputed facts in this case demonstrate that Defendant recklessly failed to comply with her reporting obligations by failing to report most of her foreign accounts and underreporting her foreign account balances, and was thus willful as a matter of law.

**B. Giving the IRS the opportunity to fix a misapplication of the law is the very purpose of remand under the APA**

If the Court determines that the IRS calculation for the FBAR penalties was arbitrary and capricious, the proper remedy is for the Court to remand this case to the IRS to recalculate the penalties—plus applicable interest and failure-to-pay penalties—for the years 2009 through 2012 which have already been timely assessed. *See United States v. Kerr*, 2023 WL 2308415, at *9 (D. Ariz. Mar. 1, 2023) (remand must include (1) mandatory statutory interest under 31 U.S.C. § 3717(a); (2) late payment penalties under 31 U.S.C. § 3717(e)(2); and (3) potential other collection fees under 31 U.S.C. § 3717(e)(1)).

The issue of remanding FBAR penalties to the IRS was addressed by the Eleventh Circuit in *United States v. Schwarzbaum*, which found that "[i]f

the agency has misapplied the law . . . . the case must be remanded to the agency to *make a new determination.*" 24 F.4th 1355, 1365–66 (11th Cir. 2022) (emphasis added) (quoting *Fla. Dep't of Lab. and Emp. Sec. v. U.S. Dep't of Lab.*, 893 F.2d 1319, 1322 (11th Cir. 1990)). Moreover:

> Given the agency's error, the district court should have remanded Schwarzbaum's FBAR penalties to the IRS for recalculation. "Remand is the appropriate remedy when an administrative agency makes an error of law, for it affords the agency an opportunity to receive and examine the evidence in light of the correct legal principle."

*Schwartzbaum,* 24 F.4th at 1365 (11th Cir. 2022), quoting *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1315 (11th Cir. 2013). Remand was "not for the IRS to issue new penalties, but for it to recalculate the penalties it has already [timely] assessed." *Schwarzbaum*, 24 F.4th at 1367. Still, even if the amount of the recalculated penalty changed, it would not have been a new assessment, time-barred or otherwise. *See id.* at 1366 ("That is not to say the [recalculated] penalties will be lower. We do not presume to guess what the IRS will do."); *see also Jones v. United States*, 2020 WL 2803353, at *8 (C.D. Cal. May 11, 2020) ("If the Court remands to the IRS this would not be a new assessment of penalties, but rather a recalculation of the initial penalty based upon an upheld finding of willfulness."). Finally, the court in *Schwarzbaum* found "no authority standing for the proposition that, on remand from judicial review under the APA, an agency could be time-barred from re-evaluating its original actions. *Schwarzbaum*, 24 F.4th at 1367.

**C. Defendant has waived her Eighth Amendment argument**

Defendant states that she "reserves the right to challenge the FBAR Penalties as grossly disproportional to the gravity of her conduct in violation

of the Eighth Amendment." ECF document number 51, page 2 (11 of 61), footnote 1. Defendant does not provide any authority for the purported right of reservation. In any event, the issue is abandoned because Defendant only mentions the Eighth Amendment in passing, and she does not support her contention with argument. *See Kohler v. Inter-Tel Tech.*, 244 F.3d 1167, 1182 (9th Cir. 2001) ("Issues raised in a brief which are not supported by argument are deemed abandoned.").

**D. Conclusion**

The United States is entitled to summary judgment because Defendant knew about the FBAR reporting requirement, made the decision about what information to include on the forms, did not report most of her foreign bank accounts, and underreported her foreign bank account balances by over 90%. She did not take her obligation to accurately report her foreign bank accounts seriously, but had she done so she could have easily discovered her errors and corrected them. Based on these undisputed facts, Defendant ought to have known that there was a substantial risk that the reporting requirement was not being met and she was able to find out for certain very easily. Accordingly, she was reckless, and therefore willful under the statute. Defendant's defenses should be rejected for the reasons set forth in the

///
///
///

8

motion for summary judgment. Thus, the United States is entitled to summary judgment.

                                Respectfully submitted,

                                E. MARTIN ESTRADA
                                United States Attorney
                                THOMAS D. COKER
                                Assistant United States Attorney
                                Chief, Tax Division

Dated: May 16, 2023             /s/
                                GAVIN GREENE
                                Assistant United States Attorney
                                Attorneys for the United States of America