1  E. MARTIN ESTRADA
   United States Attorney
2  DAVID M. HARRIS
3  Assistant United States Attorney
   Chief, Civil Division
4  JOLENE TANNER
5  Assistant United States Attorney
   Chief, Tax Section
6  GAVIN L. GREENE (Cal. Bar No. 230807)
7  Assistant United States Attorney
        Federal Building, Suite 7211
8       300 North Los Angeles Street
9       Los Angeles, California 90012
        Telephone: (213) 894-4600
10      Facsimile: (213) 894-0115
11      E-mail: Gavin.Greene@usdoj.gov
12
13 Attorneys for the United States of America

14
15               UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
16                    WESTERN DIVISION

| 17 | United States of America, | Case No. 2:21-cv-06746-SK |
|---|---|---|
| 18 | Plaintiff, | Plaintiff's Memorandum of Contentions of Fact and Law |
| 19 | | |
| 20 | v. | Local Rule 16-4 |
| 21 | Laura Kim, | |
| 22 | | Pretrial Conference |
| 23 | Defendant. | Date:      November 25, 2024 |
| 24 | | Time:      10:00 a.m. |
| 25 | | Courtroom: 540 |
|    | | Location:  Roybal Fed. Bldg. and |
| 26 | |            U.S. Courthouse |
| 27 | |            255 E. Temple Street |
|    | |            Los Angeles, California |
| 28 | | |

1

The United States of America, Plaintiff, submits this memorandum of contentions of fact and law.

## I. Claims and Defenses

**A. Summary of the Government's claim**

The United States claims that Laura Kim is liable for a penalty under 31 U.S.C. § 5321(a)(5) for willfully failing to disclose foreign bank accounts and amounts on a report of foreign bank and financial accounts (FBAR) for the years 2009, 2010, 2011, and 2012.

**B. Elements required to establish Plaintiff's claim**

To establish a willful FBAR penalty under 31 U.S.C. § 5321(a)(5), the United States must prove the following elements by a preponderance of the evidence:

1. Defendant was a citizen of the United States during the years 2009 through 2012.
2. Defendant had a financial interest in, or signature authority over, foreign bank accounts in which the aggregate balance exceeded $10,000 during the year 2009 through 2012.
3. Defendant willfully failed to fully report her interest in the foreign accounts to the IRS for the years 2009 through 2012 by June 30 of the following year.

There is no dispute that Defendant was required to file FBARs for the years 2009 through 2012 and report all foreign bank accounts that she had a financial interest in, or signature or other authority over, in which the aggregate balance exceeded $10,000 during the year. The dispute is whether Defendant's failure was willful. The United States has the burden of proof to establish willfulness by a preponderance of the evidence. The United States need not show improper motive or bad purpose, and a subjective good faith

belief that one's conduct is lawful does not preclude the imposition of the FBAR penalty.

**C. Summary of Plaintiff's evidence in support of its claim.**

In support of the Government's claim that Laura Kim is liable for the FBAR penalty for the years 2009, 2010, 2011, and 2012, the Government will rely on the following key evidence:

- Cross-examination of Laura Kim.
- Examination of Michael Khim, Laura Kim's CPA.
- Foreign bank records of Laura Kim.
- FBARs filed by Laura Kim for tax years 2009, 2010, 2011, and 2012.
- Summary charts demonstrating the amount of foreign assets she reported compared to the amount of foreign assets she controlled.

**D. Summary statement of Defendant's affirmative defense**

Defendant contends that the FBAR penalty was not timely assessed and is barred by the statute of limitations under 31 U.S.C. § 5321(b)(1).

**E. Elements required to establish Defendant's affirmative defenses**

To prevail, Defendant to establish that the FBAR penalty was not timely assessed because the IRS breached the condition for extending the statute of limitations.

1. On April 23, 2018, Defendant unilaterally waived the statute of limitations until December 31, 2019, with the condition that case be transferred from IRS Exam to Appeals "in the very near future."
2. The IRS breached the condition because the transfer to IRS Appeals on October 17, 2018 was not in the very near future.

3

**F. Description of evidence relied in opposition to Defendant's affirmative defense**

- Letter dated April 23, 2018
- Testimony from Simon Bonilla

**G. Status of other defendants**

Laura Kim is the only defendant in this case.

**H. Anticipated evidentiary issues**

### 1. Motions in Limine

Government's motion in limine no. 1: The United States objects to the testimony of Lavar Taylor, Jonathan Amitrano, and Ella Chernyak. Neither Lavar Taylor nor Jonathan Amitrano were listed as potential witnesses in Defendant's initial disclosures under Rule 26(a)(1). Moreover, the testimony of Lavar Taylor, Jonathan Amitrano, and Ella Chernyak are irrelevant to the issues for trial.

Government's motion in limine no. 2: The United States also objects to the introduction of the amount of the FBAR penalty as it is irrelevant to the issues of willfulness and timeliness, and must be excluded under Fed. R. Evid. 402. Additionally, any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issue, and misleading the jury under Fed. R. Evid. 403.

### 2. Previously admitted facts and documents

Defendant has previously made numerous admissions pursuant to Fed. R. Civ. Proc. 36 regarding facts and documents. To the extent that Defendant is unwilling to stipulate to those facts or documents for trial, the United States intends to read Defendant's admissions into evidence.

**I. Issues of law which are germane to the case**

    1. **Reckless Standard**

"[F]or purposes of civil penalties, willful violations of the FBAR statute include both knowing and reckless violations." *United States v. Hughes*, 113 F.4th 1158, 1163 (9th Cir. 2024). Defendant is reckless if she ought to have known that there was a grave risk that the reporting requirement was not being met and she was able to find out for certain very easily. *See Bedrosian v. United States*, 912 F.3d 144, 153 (3d Cir. 2018).

    2. **Preponderance of Evidence Burden of Proof**

The United States has the burden of proof to establish willfulness by a preponderance of the evidence. *United States v. Goldsmith*, 541 F. Supp. 3d 1058, 1072 (S.D. Cal. 2021); *United States v. Bohanec*, 263 F. Supp. 3d 881, 889 (C.D. Cal. 2016); *United States v. Mahyari*, 2023 WL 372656, at *4 (D. Or. Jan. 24, 2023). The United States need not show improper motive or bad purpose, and a subjective good faith belief that one's conduct is lawful does not preclude the imposition of the FBAR penalty. *United States v. Hughes*, 2020 WL 1536509, at *6 (N.D. Cal. Mar. 31, 2020); *United States v. McBride*, 908 F. Supp. 2d 1186, 1204 (D. Utah 2012); *Lefcourt v. United States*, 125 F.3d 79, 82 (2d Cir. 1997).

**II. Bifurcation of Issues**

The United States does not request the bifurcation of issues.

**III. Jury Trial**

This case will be a jury trial.

**IV. Attorney's Fees**

Defendant is only entitled to recover attorney's fees if she can establish the elements set forth in 26 U.S.C. § 7430.

## V. Abandonment of Issues

Defendant contends that the amount of the FBAR penalty was arbitrary and capricious. This issue is a question of law, and if the penalty is found to be arbitrary and capricious, the amount of the penalty is remanded to the Internal Revenue Service for redetermination. *See, e.g., United States v. Schwarzbaum,* 24 F.3d 1355, 1365–66 (11th Cir. 2022).

In this case, the United States agrees that if the jury determines that Defendant was willful and that the assessments were timely, the Court should remand this case to the IRS to recalculate the penalties—plus applicable interest and failure-to-pay penalties—for the years 2009 through 2012 which have already been timely assessed.

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax Section

Dated: October 15, 2024

/s/
GAVIN GREENE
Assistant United States Attorney
Attorneys for the United States of America

6

**Certificate of Compliance**

The undersigned, counsel of record for the United States, certifies that the brief contains 1,083 words, which complies with the word limit of L.R. 11-6.1.

                                        Respectfully submitted,

                                        E. MARTIN ESTRADA
                                        United States Attorney
                                        DAVID M. HARRIS
                                        Assistant United States Attorney
                                        Chief, Civil Division
                                        JOLENE TANNER
                                        Assistant United States Attorney
                                        Chief, Tax Section

Dated: October 15, 2024            /s/
                                        GAVIN GREENE
                                        Assistant United States Attorney
                                        Attorneys for the United States of America